[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married on June 16, 1974 in Biddeford, Maine. There are three minor children issue of this marriage to wit: Kristen Gannon born August 29, 1975, Jessica Gannon born May 28, 1977 and James Gannon born November 14, 1979.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues in this case is that of the custody of the minor children. The children were represented by their own attorney and a report of the results of two joint conferences with a family relations counselor was admitted into evidence.
After a careful review of all of the evidence submitted to the court, the following orders shall enter:
 1. The plaintiff husband and the defendant wife shall have joint legal custody of the minor children.
 2. The principal physical residence of the minor children shall be with the defendant wife.
3. The plaintiff husband shall have rights of CT Page 2177 visitation as follows:
 (a) Every Tuesday and Thursday between the hours of 3:00 p. m. and 7:00 p. m. In the event the plaintiff husband's work schedule prevents him from picking up the children at 3:00 p. m. he may pick them up at 5:00 p. m. and return them at 8:00 p. m. provided he has given the defendant wife at least 24 hours prior notice of the change to the later hours.
 (b) Alternating weekends commencing at 5:00 p. m. on Friday and ending at 7:00 p. m. on Sunday.
(c) Major holidays shall be as follows:
(1) Thanksgiving 1990 with the plaintiff husband
(2) Christmas Eve 1990 with the defendant wife
(3) Christmas Day 1990 with the plaintiff husband
(4) New Years Day 1991 with the defendant wife
(5) Easter Sunday 1991 with the plaintiff husband
(6) Memorial Day 1991 with the defendant wife
 (7) Fourth of July 1991 with the plaintiff husband
(8) Labor Day 1991 with the defendant wife Thereafter the parties shall annually alternate these holidays so that Thanksgiving 1991 shall be with the defendant wife, etc.
 (d) Father's day shall be with the plaintiff husband and Mother's Day shall be with the defendant wife. If this should conflict with the alternate weekend visitation schedule, the parties shall adjust the weekends accordingly
 (e) The minor children shall be with the plaintiff husband for a period of two weeks during the summer school vacation, said weeks to be selected so as to best suit summer plans of the parties and the minor children
 (f) Each party shall have reasonable telephone contact with the minor children when the minor children are with the other party CT Page 2178
 (g) There shall be such other and further visitation as the parties shall from time to time mutually agree.
In addition, the court has taken consideration all of the factors contained in 546b-81, 46b-82 and 46b-84 of the Conn. Gen. Stats. and further orders as follows:
1. All of the right, title and interest of the plaintiff husband in and to the real property known as 42 Berkshire Road, Southbury, Connecticut is hereby assigned to the defendant wife subject to the existing first mortgage and the lien of Northwest Financial both of which shall be the sole obligation of the defendant wife and she shall indemnify and hold the plaintiff husband harmless therefrom.
2. All of the contents of the premises referred to above shall be the sole and exclusive property of the defendant wife except the following which shall be the sole and exclusive property of the plaintiff husband:
 (a) his father's desk (b) his filing cabinet (c) the bookcase (d) the books on building (e) the antique tools (f) the stereo cabinet (g) two sets of speakers (h) his sports equipment (i) his art work (j) the oak dresser from his mother's house (k) the round oak rocking chair (m) his mother's wine glasses and crystal (n) his coin collection (o) the stereo equipment (p) his tools (q) the wok and steamer (r) the antique knife sharpener (s) his father's tobacco decanter (t) the brass candle sticks
3. The plaintiff husband shall pay to the defendant wife the sum of $50.00 per week for the support of each of the minor children until such child reaches the age of majority, or is sooner emancipated. This order shall be subject to a contingent wage execution. This order is based on the earning capacity of the plaintiff husband and not on the income shown on his financial affidavit.
4. The parties shall maintain medical insurance for the CT Page 2179 minor children of a type substantially similar to Blue Cross and CMS. Such insurance may be maintained either by private purchase or through the employment of either party. Any cost of such insurance shall be borne equally by the plaintiff husband and the defendant wife. All uninsured medical and dental expenses incurred on behalf of such minor children shall be paid equally by the plaintiff husband and the defendant wife. This order shall be subject to 46b-84 (c) of the Connecticut General Statutes.
5. Any life insurance available to either party through any employment shall name the minor children as beneficiaries thereof until such children reach the age of majority.
6. The plaintiff husband shall pay the sum of 51.00 per year as alimony to the defendant wife until his death, the death or remarriage of the plaintiff wife, or December 1, 1997, whichever event shall first occur.
7. The plaintiff husband shall be solely responsible for and shall indemnify and hold the defendant wife harmless from all of the debts and liabilities shown on Schedule A of his financial affidavit filed with this court on September 11, 1990 except the debt to Northwest Financial which is provided for in paragraph 1 hereof. The purpose of this indemnification and hold harmless provision is to assist in providing for the future support and maintenance of the defendant wife and the minor children.
8. There is an arrearage in the pendente lite order of child support in the amount of $1,375. The plaintiff husband shall pay this sum to the defendant wife at the rate of $25.00 per week payable by way of an immediate wage execution.
9. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on September 11, 1990 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
10. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on September 11, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
11. The reasonable fee for services rendered by the attorney for the minor children is found to be $2,050.00 of which $450.00 has already been paid. The balance of $1,600.00 shall be paid equally by the plaintiff husband and the defendant wife. The same is to be paid in full within 90 days of the date hereof.
12. Each party shall be responsible for his or her CT Page 2180 attorney's fees and costs incurred in this action.
Frederick A. Freedman, Judge